NO. 07-09-00310-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
17, 2010

 



 

TOM MONROE SCOTT, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 64TH DISTRICT COURT OF HALE
COUNTY;

 

NO. A15059-0308; HONORABLE ROBERT W. KINKAID JR., JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Pursuant
to a plea bargain appellant, Tom Monroe Scott, entered
a guilty plea to the offense of possession of child pornography on November 24,
2003.  As part of the plea bargain,
appellant was sentenced to ten years in the Institutional Division of the Texas
Department of Criminal Justice (ID-TDCJ) with the confinement suspended.  Appellant was placed on community supervision
probation for a period of ten years and a fine of $5000 was assessed against
him, to be paid in monthly installments during the term of the community
supervision.  On July 17, 2009, the State
filed a motion to revoke appellant’s community supervision.  The motion alleged that appellant had failed
to report as directed, failed to pay his fine, court costs, and attorney fees
as directed, failed to pay his community supervision fees as directed, failed
to complete his community service hours as directed, failed to refrain from the
use of the internet at his residence, failed to pay his monthly sexual assault
program fees, and failed to refrain from the possession of a desktop or laptop
computer.  Appellant entered a plea of
not true to the allegations and on August 27, 2009, the trial court conducted a
hearing on the State’s motion to revoke appellant’s community supervision.  After hearing the evidence, the trial court
revoked appellant’s community supervision and sentenced appellant to serve the
original term of ten years in the ID-TDCJ. 
It is from this judgment that appellant appeals.  We affirm the trial court’s judgment.

Appellant=s attorney has filed an Anders
brief and a motion to withdraw.  Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498
(1967).  In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and
in his opinion, the record reflects no reversible error upon which an appeal
can be predicated.  Id.
at 744-45.  In compliance with High
v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978), counsel has candidly discussed why, under the controlling authorities,
there is no error in the trial court=s judgment. 
Additionally, counsel has certified that he has provided appellant a
copy of the Anders brief and motion to withdraw and appropriately
advised appellant of his right to file a pro se response in this
matter.  Stafford v.
State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991).  The court has also advised appellant of his
right to file a pro se response. 
Appellant has not filed a response.

By his Anders
brief, counsel raised a ground that could possibly support an appeal, but
concludes the appeal is frivolous.  We
have reviewed this ground and made an independent review of the entire record
to determine whether there are any arguable grounds which might support an
appeal.  See Penson
v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d
300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).  We have found no such arguable
grounds and agree with counsel that the appeal is frivolous.

Accordingly,
counsel=s motion to withdraw is hereby
granted and the trial court=s judgment is affirmed.[1]

 

                                                                                                Mackey
K. Hancock

Justice

Do not publish.











[1] Counsel shall, within five
days after this opinion is handed down, send his client a copy of the opinion
and judgment, along with notification of appellant=s right to file a pro se
petition for discretionary review.  See
Tex. R. App. P. 48.4.